**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID No. 1205025968A |
| | : | In and for Kent County |
| v. | : | |
| | : | RK12-06-0541-01 DDeal Tier 4 (F) |
| ANSARA M. BROWN, | : | RK 12-09-0213-01 CCDW (F) |
| | : | RK12-09-0214-01 PDWDCF (F) |
| Defendant. | : | RK12-09-0216-01 Consp 2nd (F) |
| | : | RK 12-09-0211-01 PossMarj+AF(M) |

**ORDER**

Submitted: March 22, 2018
Decided: April 6, 2018

On this 6th day of April, 2018 upon consideration of Defendant Ansara Brown's ("Mr. Brown's") Motion for Postconviction Relief, the Commissioner's Report and Recommendation (the "Report"), Mr. Brown's appeal, and the record in this case, it appears that:

1.   Mr. Brown was found guilty, following a jury trial on September 11, 2013, of one count of Drug Dealing Tier 4, 16 *Del. C.* § 4752(1); one count of Possession of Marijuana with Aggravating Factors, 16 *Del. C.* § 4764(1); one count of Tier 5 Possession, 16 *Del. C.* § 4752(3); one count of Carrying a Concealed Deadly Weapon, 11 *Del. C.* § 1442; one count of Possession of a Deadly Weapon During the Commission of a Felony, 11 *Del. C.* § 1447; one count of Conspiracy in the Second Degree, 11 *Del. C.* § 512; and one count of Criminal Solicitation in the Second Degree, 11 *Del. C.* § 502.

2.   On October 17, 2013, the State filed a motion to declare Mr. Brown an habitual offender.   The Court granted the motion on October 30, 2013 and sentenced him to life in prison on both the Drug Dealing and Tier 5 Possession of Cocaine charges. On the remaining charges, the Court sentenced Mr. Brown to a total of twenty-seven years unsuspended time.

3. Mr. Brown filed a timely Notice of Appeal to the Delaware Supreme Court. At oral argument, Mr. Brown's counsel raised the issue before the Supreme Court that one of the Office of Chief Medical Examiner's employees who had handled the evidence seized in his case had been indicted for improper conduct in evidence handling. The Supreme Court remanded the case permitting Mr. Brown to file a Motion for New Trial. On remand, the Superior Court denied the motion. After further appellate proceedings, the Delaware Supreme Court found no merit in any of Mr. Brown's claims and affirmed his conviction and sentence.

4. Mr. Brown then filed his initial postconviction motion on October 2, 2015 and several amended motions thereafter. His appointed counsel ultimately filed a motion to withdraw because he concluded that the motion was without merit and that no meritorious grounds for relief existed. The Court granted that motion on May 9, 2017. Mr. Brown then supplemented his Rule 61 motion and after several revised briefing schedules, the Commissioner considered his amended motion.

5. The Commissioner recommended in her Report that the Court deny Mr. Brown's Motion. The Court has reviewed the Report and considered Mr. Brown's appeal challenging the Report, which raises no new issues.

**NOW, THEREFORE,** after a *de novo* review of the record in this action, review of the Report, and considering Mr. Brown's appeal challenging the Report;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A" is adopted by the Court in its entirety. Accordingly, Mr. Brown's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

/s/Jeffrey J Clark
Judge

2